UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MARILI VAQUIZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. G-10-110 |
| | § | |
| OMNI CABLE CORPORATION, *et al*, | § | |
| | § | |
| Defendants. | § | |

### **MEMORANDUM AND ORDER**

I.   INTORODUCTION

Before the Court is the plaintiff Marili Vaquiz's motion to remand this case to state court (Doc. No. 11) and the defendant, Cheeseman, LLC's response to the plaintiff's motion (Doc. No. 12). The Court, having carefully reviewed the party's submissions, the record and the applicable law, is of the opinion and holds that the plaintiff's motion to remand this case to the 149th Judicial District Court of Brazoria County, Texas should be denied.

II.   FACTUAL BACKGROUND

The factual setting for this dispute appears to be straight forward. The plaintiff's pleadings show that on or about October 14, 2008, the defendant Frazier was operating an 18-wheel tractor trailer either delivering or picking up products from Omni Cable Corporation's warehouse in Houston, Texas. According to the plaintiff, Frazier was operating the motor vehicle for the benefit of Zumstein and Cheeseman. The plaintiff pleads further that Frazier, "[W]hile attempting to enter the private drive of the Omni Cable warehouse and distribution center . . . on Airline Drive at approximately 5:45 a.m., made an illegal, unsafe and dangerous right turn from the left, outside lane and crashed into plaintiff, who was driving on the right,

inside lane of the road." Hence, it was during Frazier's attempt to turn onto the defendant's property that the accident at issue occurred.

### III. CONTENTIONS OF THE PARTIES

*A)   The Plaintiff's Contentions*

The plaintiff contends that, in addition to Frazier, Zumstein and Cheeseman, Omni Cable and its district manager, Tim Shantz are liable to the plaintiff. In this regard, the plaintiff asserts that Omni Cable and Shantz failed to provide the necessary and proper assistance to Frazier so that he could safely enter upon Omni Cable's property and access its warehouse. Specifically, the plaintiff pleads that Omni Cable and Shantz were negligent, negligent per se and grossly negligent in the following respects:

> a. Defendant Shantz at all times relevant was the District Manager and vice principal of defendant Omni Cable Houston's warehouse and distribution center;
>
> b. As district manager, Shantz was responsible for, among other things, ensuring that the 18 wheel tractor trailers picking up and delivering products were able to safely enter and exit the Omni Cable warehouse and distribution center. The collision and the resulting injuries and damages to plaintiff were proximately caused by the negligence, negligence per se and gross negligence of defendants Omni Cable and Shantz, in one or more of the following respects:
>
>> 1. In failing to assist to provide assistance to defendant Frazier's incoming 18 wheel tractor trailer so that safety precautions could be taken for the safe entry into the Omni Cable warehouse and distribution center;
>>
>> 2. In failing to provide adequate instructions to defendant Frazier so that safety precautions could be prearranged and taken for the safe entry into the Omni Cable warehouse and distribution center;
>>
>> 3. In failing to have a flag man or other assistance for defendant Frazier in entering the private drive

                leading to the Omni Cable warehouse and distribution center when defendant Shantz knew or should have known that (a) 18 wheel tractor trailer was entering Omni Cable's private drive unsafely, dangerously and illegally, (b) defendant Frazier was unable without assistance to legally make a right turn into Omni Cable's property from the right lane, (c) defendant knew that without proper instruction or assistance Frazier would be unable to safely make a right turn into Omni Cable's private drive in order to gain entrance to the warehouse and distribution center, and (d) defendant Shantz knew that there was an extreme risk to the health and welfare of drivers on Airline Drive without adequate instructions and/or assistance in entering Omni Cable's private driveway in the large commercial motor vehicle operated by Frazier;

4. By not having a flag man or men meet the defendant Frazier's incoming 18 wheel tractor trailer and stop all traffic moving on the right or inside lane so that the defendant Frazier could make a safe entry into the Omni Cable warehouse and distribution center.

    *B)*    *The Defendant's Contentions*

The plaintiff does not challenge the defendant's assertion that the amount in controversy exceeds the statutory amount necessary to establish federal jurisdiction. *See* 28 U.S.C. § 1446(a). Nor does the plaintiff assert a defect in the removal proceeding. Hence, the sole issue before the Court is whether the defendant, Shantz has been fraudulently or improperly joined in light of the fact that he is a resident of Texas and thereby destroys diversity. In this regard, the defendant asserts two basis upon which it urges the Court to deny the plaintiff's motion to remand.

First, the defendant asserts that Shantz owed no duty to the plaintiff to provide assistance to Frazier in order that Frazier might safely enter Omni's premises. Second, the defendant

contends that even if a duty were owed by Omni, Texas law does not provide that an independent duty is owed by the managers or corporate employees of Omni to the plaintiff. Therefore, without facts establishing an independent duty owed by Shantz to the plaintiff, there is no basis for Shantz's presence in the suit; hence, remand is improper.

## IV. STANDARD OF REVIEW

The applicable statute provides two grounds for remand: (1) a defect in removal procedure; and (2) lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Things Remembered, Inc. v. Petarca*, 516 U.S. 124, 127–28 (1995). A remand for lack of subject matter jurisdiction is permissible at any time before final judgment, with or without a motion. 28 U.S.C. § 1447(c). Here, the essential inquiry is whether removal of the state court action on the basis of diversity of citizenship was proper in light of the facts presented. Pursuant to 28 U.S.C. § 1441(a), a defendant is permitted to remove an action from a state court to a federal court only if the action is one over which the federal court has original jurisdiction. The federal diversity jurisdiction statute provides that federal courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of costs and interest, and diversity of citizenship exists. *See* 28 U.S.C. § 1332(a). "It is well established that the diversity statute requires 'complete diversity' of citizenship: A district court generally cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants." *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992)). In analyzing whether diversity jurisdiction exists, however, a court may disregard the citizenship of parties that have been improperly joined. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572–73 (5th Cir. 2004) (en banc).

Nevertheless, the burden of establishing fraudulent or improper joinder rests on the party asserting it and is indeed a heavy burden. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).

In order to establish fraudulent or improper joinder of a party, the defendant must demonstrate either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573. In this case, the parties do not dispute that Bickett is a Texas resident, and thus the Court's analysis will focus only on the second prong of this test. Under that prong, the Court is required to determine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* (citing *Irby*, 326 F.3d at 647–48). "Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood*, 385 F.3d at 573.

In assessing whether a defendant has been improperly joined, the court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308–09 (5th Cir. 2005) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). It must also "resolve all ambiguities in the controlling state law in the plaintiff's favor." *Guillory*, 434 F.3d at 308 (internal citations omitted). In this regard, the court is not required to "determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so." *Id.* at 309 (internal citations omitted).

When determining the possibility of recovery under state law, the court is permitted to conduct "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573 (internal citations omitted). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.*; *Guillory*, 434 F.3d at 309.

## V.   ANALYSIS AND DISCUSSION

The plaintiff argues that remand is appropriate because complete diversity of citizenship is non-existent among the parties and the defendant, bearing the burden, has failed to establish otherwise.  Therefore, absent a showing that Shantz was fraudulently or improperly joined, subject matter jurisdiction is lacking.  *Smallwood v. Ill. Cent. R. R. Co.,* 385 F.3d 568, 572-73 (5th Cir. 2004) (*en banc*), *cert. denied*, 544 U.S. 992 (2005).  In the case at bar, the defendant does not argue that a plaintiff could not maintain a suit against Shantz in an individual capacity. Instead, the defendant asserts that no legal basis existed, under the facts pled, for a possible recovery against Shantz.  Under a Rule 12(b)(6) type assessment the plaintiff is required to establish that the facts as plead, will give rise to a right of relief against Shantz.  The Court has examined the plaintiff's pleadings and is of the opinion that the plaintiff has not and cannot establish a connection between the facts as plead and any duty owed by Shantz to the plaintiff.

The facts are undisputed that Frazier was operating his vehicle on the public streets of Houston, attempting to enter onto the premises of Omni Cable.  Case law is clear that Omni Cable owes not duty to the plaintiff for an accident that occurred on a public highway.  *See Naumann v. Windsor Gypsum, Inc.,* 749 S.W. 2d 189, 191-92 (Tex. App—San Antonio, 1988). The same opinion were reached in *Carter v. Steele Tank Lines, Inc.,* 835 S.W.2d 176, 186 (Tex. App—Amarillo, 1992).  And, apart from a basis, independent of the course and scope of his

employment, an employee of a premise adjacent to an accident owes no duty to a plaintiff or defendant. *See Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005). Moreover, even were a duty owed by Omni Cable, its employee owes no independent duty outside any duty owed within the course and scope of his employment. *See Solis v. Wal-Mart Store East, L.P.*, 617 F.Supp.2d 476 (S.D. Tex. 2008).

The plaintiff has not pled any facts or a legal basis for liability that attach as to Shantz. Specifically, there is no evidence that either Omni Cable or Shantz undertook any duty with regard to vehicle operators attempting to gain access to Omni Cable's premises. And, there are no pleadings to the effect that, as part of his employment, Shantz was obligated or charged with the duty of assisting and providing access to Omni Cable's premises. Hence, the Court is of the opinion that the defendant has met its burden to show that there is no reasonable possibility that the plaintiff can establish a cause of action against Shantz.

## VI. CONCLUSION

In light of the foregoing discussion and analysis, the plaintiff's motion to remand is Denied.

It is so Ordered.

SIGNED at Houston, Texas this 9th day of June, 2010.

_____
Kenneth M. Hoyt
United States District Judge